CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RONALD LOPEZ-PAVON, on behalf of himself and : Case No.18-CV-2566
others similarly situated, :
:
Plaintiff, : FLSA COLLECTIVE
: ACTION and RULE
-against- : 23 CLASS ACTION
: COMPLAINT
FALLSBURG BAGELS LLC, SHLOIME PERLSTEIN, and :
MENDY SAMPSON, : **Jury Trial**
: **Demanded**
Defendants. :
----------------------------------------------------------------X

Plaintiff, RONALD LOPEZ-PAVON ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants FALLSBURG BAGELS LLC, ("FALLSBURG BAGELS" or the "Restaurant"), SHLOIME PERLSTEIN, and MENDY SAMPSON (collectively, the "Individual Defendants") (FALLSBURG BAGELS and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, FALLSBURG BAGELS, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 4602 16th Avenue, Brooklyn, New York 11204.

7. Defendant, SHLOIME PERLSTEIN, is the owner, shareholder, officer, director, supervisor, managing agent and/or proprietor of FALLSBURG BAGELS, who actively participates in the day-to-day operations of the Restaurant, and acted

intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with FALLSBURG BAGELS.

8. Defendant, MENDY SAMPSON, is the manager of FALLSBURG BAGELS, who actively participates in the day-to-day operations of the Restaurant, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with FALLSBURG BAGELS.

9. At all time relevant hereto, the Individual Defendants exercised control over the terms and conditions of Plaintiff's employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain employment records.

10. At least within each of the three (3) most recent years relevant to the allegations herein, Defendant FALLSBURG BAGELS was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11. At all times relevant hereto, the work performed by Plaintiff was directly essential to the business operated by Defendants.

12. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

13. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

14. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

15. At all times relevant hereto, Defendants' primary business was and is the sale of food and drinks for consumption.

16. Defendant, FALLSBURG BAGELS, constitutes a "restaurant" within the meaning of the New York Labor Law.

17. Defendant SHLOIME PERLSTEIN hires employees to work as managers and/or supervisors to participate in the day-to-day operation of the Restaurant.

18. Defendant SHLOIME PERLSTEIN hired defendant, MENDY SAMPSON to work as manager/supervisor of the Restaurant, and was one of Plaintiff's direct supervisors. Through authority granted to him by Mr. Perlstein, Mr. Sampson assisted in running the day to day operation of the Restaurant, including, but not limited to setting employee work schedules and supervising the employees.

19. Defendant SHLOIME PERLSTEIN himself also actively participates in the day-to-day operation of the Restaurant. For instance, Mr. Perlstein personally

supervises and directs the work of the employees, including the managers who also directly supervise the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

20. Although defendant SHLOIME PERLSTEIN provides managers and supervisors with some authority to effectively run the day-to-day operation of the Restaurant, Mr. Perlstein is responsible to create, implement, and approve all business policies and makes all crucial business decisions, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

21. In or about February 2010, Defendants hired Plaintiff to work as a non-exempt cook, baker, counter-person, cashier and porter at the Restaurant.

22. Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

23. Defendants employed Plaintiff in those capacities until on or about March 26, 2018.

24. From the beginning of the six (6) year limitations period in May 2012 and continuing through in or about August 2017, Plaintiff's work schedule consisted of the following:

    (a)    January – April (73 hours per week):

        Sunday – Thursday: 7:00 a.m. – 7:00 p.m.
        Friday: 7:00 a.m. – 2:00 p.m.
        Saturday: 5:00 p.m. – 11:00 p.m.

      (b)      May – August (63 hours per week):

            Sunday – Thursday: 7:00 a.m. – 6:00 p.m.
            Friday: 7:00 a.m. – 3:00 p.m.

      (c)      September – October (68 hours per week):

            Sunday – Thursday: 7:00 a.m. – 7:00 p.m.
            Friday: 7:00 a.m. – 3:00 p.m.

      (d)      November – December (73 hours per week):

            Sunday – Thursday: 7:00 a.m. – 7:00 p.m.
            Friday: 7:00 a.m. – 2:00 p.m.
            Saturday: 5:00 p.m. – 11:00 p.m.

25. Beginning in or about September 2017 and continuing through the remainder of his employment on or about March 26, 2018, Plaintiff's work schedule consisted of the following:

      (a)      September – October (63 hours per week):

            Sunday – Thursday: 6:30 a.m. – 5:30 p.m.
            Friday: 7:00 a.m. – 3:00 p.m.

      (b)      November – March (68 hours per week):

            Sunday – Thursday: 6:30 a.m. – 5:30 p.m.
            Friday: 7:00 a.m. – 2:00 p.m.
            Saturday: 5:00 p.m. – 11:00 p.m.

26. During the relevant limitations period beginning in May 2012 and continuing through in or about August 2012, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $12 per hour straight time for all hours worked, and worked sixty-three (63) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27. Beginning in or about September 2012 and continuing through in or about October 2012, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $12 per hour straight time for all hours worked, and worked sixty-eight (68) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

28. Beginning in or about November 2012 and continuing through in or about December 2012, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $12 per hour straight time for all hours worked, and worked seventy-three (73) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29. Beginning in or about January 2013 and continuing through in or about December 2013, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $1,000 per week straight time for all hours worked, and worked between sixty-three (63) and seventy-three (73) hours per week in accordance with the schedule set forth in Paragraph 24 above. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30. Beginning in or about January 2014 and continuing through in or about May 2015, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $1,100 per week straight time for all hours worked, and worked between sixty-three (63) and seventy-three (73) hours per week in accordance

with the schedule set forth in Paragraph 24 above. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31. Beginning in or about June 2015 and continuing through in or about August 2017, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $1,200 per week straight time for all hours worked, and worked between sixty-three (63) and seventy-three (73) hours per week in accordance with the schedule set forth in Paragraph 24 above. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32. Beginning in or about September 2017 and continuing through the remainder of his employment on or about March 26, 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $1,200 per week straight time for all hours worked, and worked between sixty-three (63) and sixty-eight (68) hours per week in accordance with the schedule set forth in Paragraph 25 above. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

34.   Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

35.   At all times relevant hereto, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

36.   Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by the Defendants since May 1, 2015 through the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

37.   The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

39. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

40. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

41. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether Defendants employed Plaintiff and Collective Action Members within the meaning of the FLSA;

    b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    e.    Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    f.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory and liquidated damages, interest, costs and disbursements and attorneys' fees.

42.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

43.    Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

44.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

45.    Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since May 1, 2012 until the entry of

judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime compensation and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

46. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

47. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

48. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

49. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

50. Plaintiff will fairly and adequately protect the interests of the NY Class members. Plaintiff understands that, as class representative, he assumes a fiduciary

responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

51. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

52. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

53. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. Whether Defendants employed Plaintiff and Class members within the meaning of the New York Labor Law;

    b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether Defendants failed to pay Plaintiff and members of the Class overtime compensation for all hours worked in excess of

    forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e. Whether Defendants failed to pay Plaintiff and members of the Class "spread of hours" premium when their workday exceeded ten (10) hours; and

f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

54. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. At all times relevant hereto, upon information and belief, FALLSBURG BAGELS was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

57. At least within each of the three (3) most recent years relevant to the allegations herein, FALLSBURG BAGELS had gross revenues in excess of $500,000.

58. Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

59. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

60. Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

62. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

63. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

64. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

65. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

66. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67. At all times relevant hereto, Defendants employed Plaintiff and members of the Class within the meaning of New York Labor Law §§ 2 and 651.

68. Plaintiff and Class members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of forty (40) per workweek.

69. Defendants failed to pay Plaintiff and Class members overtime compensation in the lawful amount for all hours worked in excess of forty (40) per week in direct contravention of the New York Labor Law.

70. Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and Class members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the New York Labor Law.

71. Defendants knowingly and willfully violated the rights of Plaintiff and members of the Class by failing to pay "spread of hours" premium for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 146-1.6.

72. Defendants failed to furnish Plaintiff and members of the Class with a statement with every payment of wages listing total gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

73. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

74. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

75. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

76. Plaintiff and Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, RONALD LOPEZ-PAVON, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation under the FLSA pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(h) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       May 1, 2018

                                  Respectfully submitted,

                                  CILENTI & COOPER, PLLC
                                  *Attorneys for Plaintiff*
                                  708 Third Avenue – 6th Floor
                                  New York, NY 10017
                                  T. (212) 209-3933
                                  F. (212) 209-7102

                        By: _____
                             Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Ronald Lopez__, am an employee currently or formerly employed by __Fallsburg Bagels LLC__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__4/10__, 2018