## SETTLEMENT AGREEMENT AND
## RELEASE OF WAGE AND HOUR CLAIMS

Ronald Lopez-Pavon ("Lopez") and Williams F. Castillo Lantigua ("Lantigua") (collectively, the "Releasors") enter into this Settlement Agreement and Release of Wage and Hour Claims ("Agreement") with Fallsburg Bagels LLC, its parent companies, if any, and the subsidiaries, divisions, related companies, predecessors, successors, assigns, current or former employees (including without limitation Mendy Sampson), agents, shareholders, officers, directors, and representatives of each ("Fallsburg"), and Shloime Perlstein (hereinafter referred to collectively as the "Releasees") (collectively, the "Parties"):

WHEREAS, on May 1, 2018, Lopez filed an action for damages titled *Ronald Lopez, on behalf of himself and others similarly situated, Plaintiff, v. Fallsburg Bagels LLC, et al., Defendants,* in the United States District Court for the Eastern District of New York, under docket number 18-CV-2566, alleging claims for, among other things, unpaid overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law (hereinafter, the "Action"); and

WHEREAS, Lantigua filed a Consent to Sue in the Action on June 12, 2018; and

WHEREAS, there was no motion to certify the Action as a collective or class action and so the Action has not been certified as a collective or class action, and

WHEREAS, the Releasees have contested the claims set forth in the Action and deny any and all liability; and

1

WHEREAS, the Parties now desire to resolve fully all matters of dispute or potential dispute between them, including but not limited to all claims that were asserted in the Action, without the uncertainty, delay, burden, distraction, and expense of further litigation;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which are hereby acknowledged, the Parties agree as follows:

**A.      Consideration**

1. In exchange for the promises contained in this Agreement, Perlstein and Fallsburg, in accordance with the terms of this Agreement, shall pay to the Releasors the total settlement amount of $200,000.00 (the "Settlement Sum"), of which one-third shall be payable to Cilenti & Cooper, PLLC, counsel for the Releasors, as attorneys' fees.

2. The Settlement Sum shall be paid in a lump sum on or before the later of (a) January 31, 2020 or (b) ten days after the later of (i) the Court's approval of this Agreement as fair and reasonable or (ii) the dismissal of the Complaint with prejudice.

3. After deduction for attorneys' fees in the amount of $66,660.00, the remaining portion of the Settlement Sum in the amount of $133,340.00 shall be distributed to the Releasors as follows: $108,340.00 to Lopez; and $25,000.00 to Lantigua.

4. The Settlement Sum shall be paid in exchange for full and complete settlement of any and all wage and hour claims and potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to any claims asserted in the Action, and including any and all claims for damages, liquidated damages, compensatory damages, statutory damages, interest, injunctive relief, and attorneys' fees, expenses, and costs. The payment described in Paragraph A(1) shall be drawn to the order of "Cilenti & Cooper,

PLLC, as attorneys," and shall be sent to Justin Cilenti, Esq., of Cilenti & Cooper, PLLC, at 10 Grand Central, 155 East 44th Street, 6th Floor, New York, New York 10017, so as to be received no later than the date set forth in Paragraph A(2) above.

5.  The Settlement Sum shall be paid without deductions for taxes or other withholdings that are required for payments of wages. The Releasors shall be solely responsible for payment of any and all taxes due on the settlement payment received. Lopez shall indemnify and hold the Releasees harmless from any and all tax liabilities that may accrue as a result of the payment of his portion of the Settlement Sum to him. The Releasees shall issue an IRS Form 1099 to "Cilenti & Cooper, PLLC, as attorneys" with respect to the Settlement Sum.

**B.  Default**

If the Releasees fail to make the settlement payment in a timely manner pursuant to Paragraph A, the Releasors shall provide notice of the default by facsimile and email to counsel for the Releasors: Dennis Lalli, Esq., Bond, Schoeneck, and King, 600 Third Avenue, 22nd Floor, New York, New York 10016, Facsimile (646) 253-2301, dlalli@bsk.com. Releasees shall then have 14 days from the date of receipt of such notice within which to cure the default. If the default is not cured by the first business day that occurs on or after the fourteenth day following Lalli's receipt of such notice of default, the entire amount remaining to be paid shall become due and owing as of the next business day thereafter, together with liquidated damages in the amount of $10,000, with interest to commence as of that date at a rate of 9% per annum on the unpaid portion of the Settlement Amount. Releasors shall have the right to enforce immediate payment of all remaining unpaid portions of the Settlement Amount, including having judgment entered

against the Releasees, jointly and severally, and to recover reasonable attorneys' fees, costs, and disbursements incurred in enforcing the Releasees' payment obligations under this Agreement.

**C.      Wage & Hour Release by Releasors**

In consideration of the promises, payments, and actions of the Releasees set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Releasors, with respect solely and only to conduct that occurred on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge the Releasees from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands concerning wage and hour matters, including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, including the amendments thereto enacted by the Wage Theft Prevention Act, as well as claims for minimum wages, overtime pay, and commissions, whether based on the common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges, and retained gratuities during Releasors' employment with Releasees and any other compensation or wages.

**D.      Agreement To Refrain From Filing Claims**

Neither Releasor shall in the future initiate or cause to be initiated any judicial complaint, action, or proceeding that in any manner whatsoever involves any claim that was asserted in the Action or that is released by this Agreement. If there is presently pending any judicial or administrative proceeding other than the Action in which there is asserted any claim that was

4

asserted in the Action or that is released by this Agreement, or if in the future such a proceeding is commenced by any person acting or purporting to act on behalf of either of the Releasors (including without limitation any class representative in a private action and the United States Department of Labor, the New York State Department of Labor, the New York City Department of Consumer Affairs, and the Office of the Attorney General of the State of New York), such Releasor shall promptly notify the attorney for the Releasors identified in Paragraph B above of the pendency of such proceeding and withdraw it with prejudice to the extent it is brought on his behalf if he has the power to do so; further, he shall refrain from obtaining or accepting any relief or recovery therefrom, and if he receives such relief or recovery he shall promptly pay it over to Perlstein without demand therefor by any Releasee.

E. **Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

F. **Acknowledgment**

Each Releasor acknowledges that he has been fully and fairly represented by counsel for purposes of this Agreement. Releasees acknowledge that they have consulted with counsel for purposes of this Agreement. The Parties acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements,

representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

**G.     Representations and Acknowledgements**

1. Releasors represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorneys for the Releasees. Releasors further represents that:

    (a) They have reviewed every provision of this Agreement;

    (b) The Agreement has been explained to them by their attorneys;

    (c) They fully understand this Agreement, including the release of claims.

2. Releasors also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3. Releasors further represent that neither the Releasees nor any of their agents, representatives, or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

**H.     Non-Admissions**

Each of the Releasors acknowledges and agrees that this Agreement has been made, and that the consideration to be paid to him pursuant to this Agreement shall be received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and is not to be construed as, an admission by any Releasee of any liability or wrongdoing whatsoever, neither as

to the Releasors nor to any other employee or former employee of Fallsburg; nor is it, nor shall it be construed as, an admission by any Releasee of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulation, or order (including executive orders).

**I.  Attorneys' Fees and Costs**

The Parties are responsible for their own attorneys' fees and costs in connection with this matter.

**J.  Complete Agreement**

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

**K.  Additional Terms**

1.  This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State of New York. The parties hereby consent to the jurisdiction of the United States District Court for the Eastern District of New York in connection with any dispute concerning this Agreement.

2.  The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

**L.** **Counterparts**

To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**WHEREFORE**, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Ronald Lopez-Pavon

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NEW YORK )

On the 13th day of December 2019, before me personally came Ronald Lopez-Pavon to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 13th
day of December 2019

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2023

By: _____
Williams F. Castillo Lantigua

STATE OF NEW YORK  )
                   :ss.:
COUNTY OF NEW YORK )

On the 12th day of December 2019, before me personally came Williams F. Castillo Lantigua, to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 12th
day of December 2019

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2023

[Remainder of Page Intentionally Left Blank]

9

By: _____
Shloime Perlstein

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF KINGS      )

On the 11th day of December 2019, before me personally came Shloime Perlstein to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 11th
day of December 2019

_____
Notary Public
ALLEN FREILICH
Notary Public, State of New York
No. 01FR5043381
Qualified in Kings County
Commission Expires May 8, 20__

Fallsburg Bagels LLC

By: _____
Shloime Perlstein

Title: _____

10